[Crim. No. 13694. Fourth Dist., Div. One. May 19, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
TERRANCE LEE JENNINGS, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Paul Bell, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, A. Wells Petersen, Steven V. Adler & Pat Zaharopoulos, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOSEPH, J.**\*—Charged with two counts of robbery and an enhancement of gun use (Pen. Code, §§ 211, 12022.5)[1] and being an ex-felon possessing a concealable firearm (§ 12021), Terrance Lee Jennings pleaded not guilty and not guilty by reason of insanity. Criminal proceedings were suspended under section 1368 for a present sanity hearing and Jennings was sent to Patton State Hospital.

Almost two years later, criminal proceedings were reinstated. Jennings then pleaded guilty to one count of robbery and admitted the gun use in exchange for dismissal of the other counts.

The court sentenced Jennings to prison for the upper term of five years enhanced by two years for using a firearm. Jennings received presentence

---

\*Assigned by the Chairperson of the Judicial Council.

[1] All statutory references are to the Penal Code.

credits for 411 days of actual local custody and 572 days at Patton State Hospital. He also received 205 days of section 4019 conduct credit for his local custody, but no conduct credit for his time at Patton.

■ On appeal, Jennings contends he is entitled to conduct credit for his preconviction custody at Patton State Hospital.[2] We disagree. A defendant committed to a state hospital under sections 1368-1370 is neither statutorily nor constitutionally entitled to conduct credits. "[T]he concept of conduct credits, designed to award 'good time' credit for fixed criminal sentences, has no place in medical commitments." (*People* v. *Wasley* (1982) 133 Cal.App.3d 344, 350 [184 Cal.Rptr. 25]; *People* v. *Saffell* (1979) 25 Cal.3d 223, 233-235 [157 Cal.Rptr. 897, 599 P.2d 92].) Section 1370 requires a defendant found mentally incompetent to be sent to "a state hospital for the *care and treatment of the mentally disordered.*" (Italics added.) Like the MDSO or defendant found not guilty by reason of insanity, a mentally incompetent defendant committed indeterminately for treatment under section 1370 will not be "encouraged to conform to prison regulations" or to participate in rehabilitative activities by means of granting "good time" credits.[3] "The rationale of 'good time' credit as a reward for behavioral conformity does not readily fit the company of the mentally disturbed. The 'carrot or stick' approach represented by the extension or withdrawal of credit as reward or punishment seems inconsistent with the goals of a hospital treatment facility." (*People* v. *Saffell, supra,* 25 Cal.3d 223, 234.) Thus, conduct credit applicable to prison terms has no application to section 1370 treatment commitments. Because Jennings was receiving treatment at Patton, he is not entitled to conduct credits for this period.

The judgment is affirmed.

Wiener, Acting P. J., and Work, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 24, 1983.

---

[2]The fact Jennings' custody at Patton was "pre-conviction" rather than "post-conviction" is irrelevant; both types of commitment are "pre-sentence." (See *People* v. *Smith* (1981) 120 Cal.App.3d 817, 820, fn. 1 [175 Cal.Rptr. 54].)

[3]Because conduct credits are not available to Jennings, we need not address the issue of whether he earned such credits. Thus, the trial court's comments about Jennings' "assaultive behavior" at Patton do not affect our decision.