[Crim. No. 15952. Fourth Dist., Div. One. Dec. 12, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM GERALD CRAMP, Defendant and Appellant.

Counsel

Gary Rollinson for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John W. Carney and David Friedenberg, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**WORK, J.—** The sole issue in this appeal is whether William Gerald Cramp is entitled to the Penal Code[1] section 4019 conduct credit he received for the time he was confined at Atascadero State Hospital after being referred there by the court for evaluation to determine his competency to stand trial. (§ 1370.) We conclude the credits were properly awarded.

Cramp contends equal protection of the laws mandates he receive behavioral credit for presentence time spent at Atascadero State Hospital for a determination of his competency to stand trial. Although our opinion in *People* v. *Jennings* (1983) 143 Cal.App.3d 148, 149-150 [191 Cal.Rptr. 592], holds a defendant is not entitled to conduct credit for preconviction custody while being *treated* at a state hospital,[2] it is not dispositive here. Unlike Jennings, Cramp received no *treatment,* he was merely detained there for evaluation. He was found "competent in all spheres" and was not committed for treatment. We perceive of no valid reason why a competent defendant should be denied presentence behavioral credit for custody, even in a state hospital, where confinement is for the purpose of evaluation rather than treatment. Mere transfer to a state hospital for examination in no way affects a competent defendant's ability to conform his behavior, and the underlying benefit to be gained from behavioral conformity is as important in a hospital as in a prison. Competency evaluations can, and in some instances are, performed while the defendant is confined in jail, or even while on bail in an outpatient status, where, as here, a mentally competent prisoner is transferred to a state hospital for convenience of the court or medical evaluators, there is no reason why the prisoner should be penalized by loss of confinement credits.

---

[1] All statutory references are to the Penal Code.

[2] Within the treatment context of hospital confinement, *People* v. *Jobinger* (1984) 153 Cal.App.3d 689, 693-698 [200 Cal.Rptr. 546] (as modified 154 Cal.App.3d 603c), held a mentally disordered sex offender is entitled to behavioral conduct credit as a matter of equal protection. Our opinion in *People* v. *Jennings, supra,* 143 Cal.App.3d 148, by analogy is patently inconsistent with the holding of *People* v. *Jobinger, supra;* however, because this case is distinguishable as outside the hospital treatment setting, we do not address the continuing validity of *People* v. *Jennings, supra.*

Judgment affirmed. Petition for writ of habeas corpus denied as moot.

Brown (Gerald), P. J., and Wiener, J., concurred.

A petition for a rehearing was denied January 2, 1985.