[No. B013905. Second Dist., Div. Four. Nov. 15, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES LAWRENCE BODIS, Defendant and Appellant.

**COUNSEL**

William C. Spater, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susanne C. Wylie and Juliet Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McCLOSKY, J.**—Appellant Charles Lawrence Bodis appeals from an order denying conduct credits for pretrial confinement in state hospital.

CONTENTION

Appellant contends that he is entitled to good time-work time credits for his pretrial confinement, and must be released.

FACTS

Appellant was arrested on December 25, 1982, and charged with unlawfully causing a fire in violation of Penal Code section 452, subdivision (c). His counsel asks us to conclude that he was in custody in a state hospital since his arrest.[1] He has remained in custody since that date. The trial was

---

[1] In his brief, appellant's counsel admits that he does not know where appellant was confined. The record on appeal does not reflect that he was confined during that period, though he may have been. This court issued its order requesting counsel for both sides to supply the court with this information, but each counsel has replied that each is unable to do so since the superior court file could not be located.

held on September 7, 1983. After a finding of not guilty by reason of insanity, appellant was committed to Patton State Hospital. Pursuant to Penal Code section 1026.5, the trial court set appellant's term of commitment at 3 years and reduced that term by awarding him 151 days of good time-work time credit. Appellant was also granted credit for time spent in actual custody as a result of his arrest on December 25, 1982. As set by the trial court's order, appellant would have reached the maximum term of commitment on July 30, 1985.

On April 19, 1985, the District Attorney of Los Angeles County filed a motion to correct the term of commitment. On May 8, 1985, the motion was granted and the trial court struck the good time-work time credit of 151 days. Appellant's commitment was extended until December 25, 1986.

## DISCUSSION

▪ Appellant contends that he is entitled to good time-work time or conduct credits for the period of his pretrial confinement. He inferentially asks us to believe that he was confined in a state mental hospital during the period between December 28, 1982, and his trial, based upon the minute order of the Los Angeles Municipal Court dated December 28, 1982, which states in part: "Defendant to go to Mental Health Unit—FMHU" and one on January 11, 1983, stating in part "Defendant in Metro State Hospital." His argument is based on cases which have held that good time-work time credits are allowed for pretrial hospital stay for mentally disordered sex offenders (MDSO).

The decisions granting conduct credit for MDSO's are partially based on the fact that the Legislature has changed the nature of hospitalization of MDSO's from "treatment" to "punishment." (*People* v. *Jobinger* (1984) 153 Cal.App.3d 689, 693-694 [200 Cal.Rptr. 546].) MDSO's have also been found to be similarly situated to narcotics addicts committed to the California Rehabilitation Center (CRC) and courts have held that it is a denial of equal protection to deny MDSO's conduct credits for time spent at a state hospital when the credits are given to CRC addicts. (*People* v. *Jobinger, supra,* 153 Cal.App.3d at p. 694; *People* v. *Richard* (1984) 161 Cal.App.3d 559, 563 [207 Cal.Rptr. 715].)

The same argument, however, does not necessarily hold for others confined to state hospitals for treatment. In the instant case, appellant was found to have been insane at the time he committed the offense. Confinement of a person found to be insane and sentenced under section 1026 of the Penal Code is for care and treatment, not punishment.[2] (See Pen. Code, § 1026,

---

[2] *In re John* (Cal.App.), cited by respondent to support this argument, has been granted review by the Supreme Court (Oct. 4, 1985, Crim. 24861).

subd. (a).) It appears sound to this court to conclude that persons found not guilty by reason of insanity and confined to a hospital are not similarly situated to MDSO's and are not entitled to pretrial conduct credits.

There is a second and sounder reason that appellant's contention fails. The Legislature has specifically denied conduct credits for those sentenced under Penal Code section 1026.5, subdivision (a)(1). During all relevant periods[3] that section provided, in pertinent part: "For the purposes of this section, 'maximum term of commitment' shall mean the longest term of imprisonment which could have been imposed for the offense or offenses of which the person was convicted . . . disregarding any credits which could have been earned under Sections 2930 to 2932, inclusive." Section 2931 of the Penal Code allows for reduction of term for good behavior and participation.

The trial court properly denied the good time-work time credits for the pretrial time spent at a state mental hospital.

The judgment (order) is affirmed.

Woods, P. J., and Arguelles, J., concurred.

---

[3]It has since been amended.