[No. D002674. Fourth Dist., Div. One. Jan. 22, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
HECTOR CAMPOS-CASTILLO, Defendant and Appellant.

**COUNSEL**

Denise Moreno Ducheny, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**LEWIS, J.**—Hector Campos-Castillo appeals the denial of conduct credit for time spent in county jail and Patton State Hospital before the trial of the criminal charges against him.

On June 1, 1983, before a preliminary hearing for charges of attempted murder and assault with a deadly weapon, Campos-Castillo was declared mentally incompetent and committed to Patton State Hospital pursuant to Penal Code[1] section 1370. On February 14, 1984, he was certified to have regained mental competency and criminal proceedings were resumed.

On June 6, 1984, Campos-Castillo was found not guilty of the charges by reason of insanity. On June 29, 1984, he was determined to not have regained his sanity and, on July 5, 1984, was committed to Patton State Hospital for treatment until such time as he recovered his sanity, with the maximum term of commitment under section 1026.5 set at 12 years. On July 2, 1984, the probation department had submitted a report to the court indicating Campos-Castillo had spent a total of 252 days in Patton State Hospital and 203 days in county jail, for a total of 455 days precommitment custody. Campos-Castillo was awarded credit for the actual 455 days served and denied section 4019 good time/work time, or "conduct," credits for both the time in Patton and the time in county jail.

## I

Campos-Castillo contends denial of the 227 days of conduct credit for the time spent in Patton and county jail constitutes a denial of equal protection. He relies on *People* v. *Jobinger* (1984) 153 Cal.App.3d 689 [200 Cal.Rptr. 546], and *People* v. *Richard* (1984) 161 Cal.App.3d 559 [207 Cal.Rptr. 715], which held contrary to the decisions in *People* v. *Saffell* (1979) 25 Cal.3d 223, 233-235 [157 Cal.Rptr. 897, 599 P.2d 92], *People* v. *Sage* (1980) 26 Cal.3d 498, 506 [165 Cal.Rptr. 280, 611 P.2d 874], and the more recent decision of this court in *People* v. *Jennings* (1983) 143 Cal.App.3d 148, 150 [191 Cal.Rptr. 592]. *Saffell,* followed by *Sage,* held "an MDSO [mentally disordered sex offender] is not denied equal protection of the laws because he cannot earn the conduct credit available to inmates of correctional facilities." (*People* v. *Sage, supra,* 26 Cal.3d 506-507.) *Saffell* reasoned: "First, the very concept of 'giving' or 'taking away' time credits *might materially interfere with other principles central to the operation of a therapeutic program.* We cannot presume that hospital programs in general, and staff-patient relationships in particular,

---

[1]All statutory references are to the Penal Code unless otherwise specified.

will benefit from a procedure in which patients are threatened with varying lengths of commitment dependent upon their in-hospital behavior. *MDSOs are, by statutory definition, individuals who suffer from a 'mental disease, defect, or disorder.' The rationale of 'good time' credit as a reward for behavioral conformity does not readily fit the company of the mentally disturbed.* The 'carrot or stick' approach represented by the extension or withdrawal of credit as reward or punishment seems inconsistent with the goals of a hospital treatment facility.

"Second, *if a patient intentionally acts in a disruptive manner in a hospital setting, he may be* determined to be unamenable to treatment and *transferred to state prison.* This consequence, readily perceived, itself acts as *a deterrent to intentional criminal conduct in the hospital setting.*

"Third, at least part of the 'good time' may be earned by participation in prison rehabilitative and educational programs. *It is not clear whether state hospitals currently even provide such 'work, educational, vocational, [or] therapeutic' activities.*

"Fourth, *denial of 'good time' credits* (pursuant to Pen. Code, § 2932) *involves a whole panoply of administrative requirements,* including a hearing. It is questionable whether hospital administrators have either the ability or the time, given an already burdensome workload, to comply with these additional procedures or whether the type of adversary proceeding which might result, contemplating written notice, investigation, hearing, etc., would assist in furthering the treatment program of the patient.

"Finally, it seems pointless to give an MDSO 'good time' credit against his medical commitment period because section 6316.2 allows extension of the treatment period if found to be necessary. *The concept of 'good time' credit only has meaning within the context of a fixed criminal sentence* which may not be so extended." (*People* v. *Saffell, supra,* 25 Cal.3d at p. 234; italics added.)

█ Within the context of a section 1370 commitment, Campos-Castillo is not similarly situated to the California Rehabilitation Center (CRC) committee or MDSO patient either before *Jobinger* or after. Section 1370 requires a defendant found mentally incompetent to be sent to a state hospital for the care and treatment of the mentally disordered. At this point in the proceeding, there has been no determination of guilt or innocence. The defendant is instead placed in a medical facility until such time as he has regained mental competency to stand trial. Both the CRC patient and the MDSO, however, face potential commitment to the penal facility after undergoing treatment. The section 1370 patient having been found neither

guilty nor innocent does not face this same problem of commitment and therefore cannot be said to be similarly situated.

There are two sound reasons for not awarding good time/work time credits. First, a section 1370 confinement is not punishment but treatment. Accordingly, confinement to a mental hospital does not render a person similarly situated to an MDSO or CRC patient. (See *People* v. *Brunner* (1983) 145 Cal.App.3d 761, 765 [195 Cal.Rptr. 367].)

██ Second, and more importantly, the Legislature has specifically denied conduct credits for those committed under section 1026.5, subdivision (a)(1). During all relevant periods that section provided, in pertinent part: "For the purposes of this section, 'maximum term of commitment' shall mean the longest term of imprisonment which could have been imposed for the offense or offenses of which the person was convicted . . . disregarding any credits which could have been earned under sections 2930 to 2932 inclusive." Section 2931 allows for reduction of the term of imprisonment for good behavior and participation and has inmate productivity and rehabilitation as its purpose. (*In re Bender* (1983) 149 Cal.App.3d 380, 388 [196 Cal.Rptr. 801].) It follows, the Legislature also did not intend a reduction for *pre*commitment conduct credits. (See *People* v. *Smith* (1981) 120 Cal.App.3d 817, 824, fn. 3 [175 Cal.Rptr. 54].)

On the basis of the reasons set forth in *Saffell, supra,* the trial court properly denied the good time/work time credits for the pretrial time spent at the state mental hospital. (See also *People* v. *Jennings, supra,* 143 Cal.App.3d 148, 150.) ██ Moreover, in connection with the time spent in county jail, there is no equal protection problem in denying precommitment conduct credits for jail time to reduce the maximum term of a defendant. (*People* v. *Smith, supra,* 120 Cal.App.3d 817, 826; see also *People* v. *Wasley* (1982) 133 Cal.App.3d 344 [184 Cal.Rptr. 25].) *Smith* explains: "'*It is the distinction between the detainee/felon and the felon who serves no presentence time that raises equal protection problems.*' (*People* v. *Sage, supra,* 26 Cal.3d at p. 507, italics added.)

"In the instant case, the disparity condemned by *Sage* does not exist. The defendant who serves no jail time prior to his Penal Code section 1026 commitment to state hospital receives no conduct credits against his maximum term of commitment. The detainee ultimately committed to state hospital under Penal Code section 1026 likewise does not receive conduct credits. On the other hand, to hold that equal protection requires an award of precommitment conduct credits to defendants ultimately committed to state hospital under Penal Code section 1026 would turn *Sage* on its head and reintroduce a disparity whereby only the detainee had his maximum term of

commitment reduced by conduct credits.'' (*People* v. *Smith, supra,* 120 Cal.App.3d at p. 826.)

 The trial court properly denied the conduct credit for Campos-Castillo's state hospital and county jail time before his commitment under section 1026.5.

The order is affirmed.

Wiener, Acting P. J., and Kintner, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied April 3, 1986. Reynoso, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.