Filed 7/15/13  P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C070156 |
| v. | (Super. Ct. No. CRF11370) |
| JUAN MANUEL HERNANDEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Juan Manuel Hernandez asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record and defendant's supplemental brief, we note an error in the trial court's award of conduct credits and an error on the amended abstract of judgment.  Defendant is entitled to additional conduct credits for the time he was detained in jail for an evaluation of his competency.  On the abstract, the wrong box is checked for the statutory authority for the conduct credits.  We find no other arguable error that would result in a disposition more favorable to defendant.  As modified for conduct credits, the judgment is affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

Between October 1, 2010, and November 30, 2010, defendant Juan Manuel Hernandez touched the vaginal area over the clothes of 12-year-old C.G. who had been sleeping. A search of defendant's computer revealed over 100 images and 86 videos of minor girls in sexually-explicit poses and activities, as well as a photograph of defendant touching the vaginal area skin-to-skin of C.G. on August 1, 2010. Defendant also sent harassing or annoying text messages to another young girl on July 1, 2010.

Defendant entered a negotiated plea of no contest to possession of child pornography (Pen. Code, § 311.11, subd. (a)[1]; count 5), annoying or molesting a child, a misdemeanor (§ 647.6, subd. (a); count 6), and two counts of lewd or lascivious conduct upon a child under the age of 14 years (§ 288, subd. (a); counts 1 and 4) and admitted a strike prior (§ 667, subds. (b)-(i)) in exchange for the dismissal of the remaining counts and allegations, and a stipulated state prison sentence of 21 years and four months. The stipulated sentence consisted of the upper term of eight years on count 4, one-third the midterm or two years for count 1, and one-third the midterm or eight months for count 5, with all the terms doubled for the strike prior, and a concurrent 120-day jail term for count 6. Defendant also admitted violating probation in another case in exchange for no additional time.

After entering his plea, defendant substituted newly retained counsel in place of his previous attorneys. New counsel thereafter declared a doubt as to defendant's competency, filed a motion to withdraw defendant's plea, and requested that the trial court strike defendant's strike prior (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*)). The court suspended criminal proceedings and appointed a psychiatrist who evaluated defendant. The psychiatrist concluded defendant's lack of

---

[1] Undesignated statutory references are to the Penal Code.

knowledge of the criminal proceedings was not credible, his score on a test demonstrated he was malingering, and his medical records did not include objective evidence of severe memory loss. The trial court found defendant competent, reinstated criminal proceedings, and denied his motion to withdraw his plea. The court also denied defendant's *Romero* motion, citing the stipulated sentence and *People v. Cunningham* (1996) 49 Cal.App.4th 1044. The court also stated that even if it had discretion to consider the *Romero* motion, it would be denied on the merits.

The trial court sentenced defendant to state prison for the stipulated term of 21 years and four months.

Defendant appeals. The trial court denied defendant's request for a certificate of probable cause (§ 1237.5).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

On defendant's behalf, defense appellate counsel filed a letter to serve as defendant's supplemental brief.

# I

## *Defendant's Claims*

Defendant's letter brief listed six claims: (1) no proof that photos were actually of defendant and victim; (2) the original probation search was illegal because the police logged on to defendant's computer and cell phone without his permission and obtained the warrant after the fact; (3) defendant was denied permission to have his investigator interview the victim, family, and friends; (4) defendant's first prior strike conviction was 16 years old; (5) defendant was under the influence of crystal methamphetamine and does

3

not remember the alleged burglary; and (6) the trial court should have granted defendant's *Romero* motion. Defendant's complaints in his supplemental brief are, for the most part, noncognizable on appeal.

Defendant's first claim about the lack of proof the photos depict him or the victim is noncognizable on appeal because he pled no contest, admitting every element of the offenses. Similarly, his third and fifth claims are noncognizable on appeal for the same reason. His fourth claim about the remoteness of his strike prior is noncognizable because he is attacking the validity of his plea, which included his admission of the strike prior allegation. (§ 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 74-76; *People v. Turner* (1985) 171 Cal.App.3d 116, 124-128 & fn. 8.)

In defendant's second claim, he asserts the original probation search was illegal because law enforcement obtained a warrant after officers had already discovered the items on his computer and cell phone. Section 1538.5, subdivision (m), specifically requires a defendant to move to suppress evidence "at some stage of the proceedings prior to conviction" in order to preserve the issue for appeal. The record does not reflect that defendant moved to suppress this evidence in the trial court. Thus, defendant did not preserve the issue for appeal.

Finally, in his sixth claim, defendant argues the trial court erroneously denied his *Romero* motion. Defendant entered his plea of no contest and admitted the strike prior in exchange for a stipulated state prison sentence. Having accepted the terms of the negotiated plea agreement, the trial court lacked jurisdiction to alter the bargain in order to reduce the term. (*People v. Cunningham, supra,* 49 Cal.App.4th at pp. 1047-1048.) The trial court properly denied defendant's *Romero* motion.

## II

### *Conduct Credits*

We note an error in the trial court's award of conduct credits. The probation officer reported that defendant was not entitled to conduct credits for the period of time when criminal proceedings had been suspended for an evaluation of defendant's competency pursuant to section 1368. This is not correct. The record reflects defendant remained in county jail during the psychiatrist's evaluation of defendant's competency. Because defendant was detained in county jail for evaluation, he is entitled to conduct credit for this period of time. (*People v. Cramp* (1984) 162 Cal.App.3d 632, 633.) Defendant spent 419 days in actual custody. Since defendant was convicted of a violent felony (§ 667.5, subd. (c)(6)), he is entitled to conduct credits at 15 percent pursuant to section 2933.1, or 62 conduct days, for a total of 481 days of presentence custody credit. We order the judgment modified accordingly. Any party aggrieved by this procedure may petition for rehearing. (Gov. Code, § 68081.)

We also note a clerical error in preparation of the amended abstract of judgment. The box to check for conduct credits reflects the same were awarded pursuant to section 4019, when the conduct credits were calculated at 15 percent pursuant to section 2933.1. We order the abstract corrected.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified, providing for 62 conduct days, for a total of 481 days of presentence custody credit. The trial court is directed to prepare an amended abstract of judgment reflecting the correct number of conduct credits and that conduct credits were awarded pursuant to Penal Code section 2933.1. The trial court shall forward a

certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

                                                                              _____HOCH_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____BUTZ_____, J.