Filed 9/28/21  In re Littlejohn CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re EDWARD LITTLEJOHN<br><br><br>on Habeas Corpus. | 2d Juv. No. B311636<br>(Super. Ct. No. SA070874)<br>(Los Angeles County) |

Edward Littlejohn is currently committed to Metropolitan State Hospital (MSH) as a person found not guilty of two felony offenses by reason of insanity.  (Pen. Code,[1] § 1026.)  In March 2021, he filed a petition for a writ of habeas corpus in the trial court contending that MSH had miscalculated the maximum term of his commitment by failing to include 1,106 days of conduct credit for his time spent in county jail prior to his commitment, as provided in *People v. Superior Court (Frezier)*

---

[1] All statutory references are to the Penal Code unless otherwise stated.

54 Cal.App.5th 652 (*Frezier*), and that when those credits were applied he had served his maximum term of confinement and was thus entitled to immediate release. The People conceded that Littlejohn was entitled to conduct credits under *Frezier*, but contended that those credits were subject to the 15-percent limitation set forth in sections 4019 and 2933.1 because the offenses underlying the commitment were violent felonies. The trial court agreed with the People, awarded Littlejohn 166 days of conduct credit, and set October 22, 2021 as his maximum term of commitment. Littlejohn now seeks extraordinary writ relief in this court, contending that the trial court erred in failing to apply full conduct credits in setting his maximum term of commitment and in declining to order his immediate release. We deny the petition.

## FACTUAL AND PROCEDURAL HISTORY

On April 8, 2009, Littlejohn was arrested after he assaulted and repeatedly stabbed David Chavez with a knife at a gym.[2] He was subsequently charged with attempted murder (§§ 187, subd. (a), 664) and assault with a deadly weapon (§ 245, subd. (a)(1)), and pleaded not guilty and not guilty by reason of insanity. Littlejohn, who was first diagnosed in 1997 with delusional disorder, paranoid type, testified at his jury trial that he had no recollection of the incident.

After the jury found Littlejohn guilty of both charged offenses, the trial court found him not guilty by reason of insanity and ordered him committed to MSH pursuant to section 1026.

---

[2] In reciting the relevant facts, we take judicial notice of our 2013 unpublished opinion affirming Littlejohn's NGI commitment. (*People v. Littlejohn* (Aug. 21, 2013, B241427) [nonpub. opn.]; Evid. Code, §§ 452, subd. (d), 459.)

2

The court's order states that Littlejohn's "confinement may not exceed 13 years[,] the maximum state prison sentence possible in this case, less credit for 1106 days in custody, plus 1106 days good time/work time."[3] Nothing in the record reflects that the prosecution objected to the court's award or calculation of precommitment conduct credits.

After Littlejohn was transferred from county jail to MSH, MSH set April 7, 2022 as his maximum commitment date. In setting that date, MSH did not include any of the conduct credits awarded by the trial court.

On March 9, 2021, Littlejohn petitioned the trial court for a writ of habeas corpus alleging (1) that MSH had erred in failing to include the 1,106 days of conduct credit in setting his maximum term of commitment, as provided *Frezier*, *supra*, 54 Cal.App.5th 652; (2) that his maximum term of commitment thus expired on March 19, 2019; and (3) that he was entitled to be immediately released because the People had not timely filed a petition to extend his commitment under section 1026.5.

In opposing the petition, the People agreed that *Frezier* was correctly decided and that Littlejohn was accordingly "entitled to . . . pre-commitment and conduct credits." The People noted, however, that the offenses underlying Littlejohn's commitment were violent felonies under section 2933.1. The People noted "*Frezier* makes it clear that notwithstanding the lack of conviction or sentencing, custody and conduct credits are governed by the same Penal Code sections as criminal convictions. Therefore, [section] 2933.1 should apply and Mr.

---

[3] Littlejohn was confined in a Los Angeles County jail facility from the date of his arrest until the date of his section 1026 commitment.

3

Littlejohn should receive only 15[ percent] conduct credits." The People thus urged the court to find that Littlejohn was entitled to 166 days of conduct credit and set October 22, 2021 as his maximum commitment date. Following a hearing, the court adopted the People's position, entered an order to that effect, and otherwise denied Littlejohn's habeas petition.[4]

## DISCUSSION

Littlejohn contends the trial court erred in declining to award him conduct credits for all of the days he spent in county jail prior to his commitment as a person found not guilty by reason of insanity, as set forth in *Frezier*, *supra*, 54 Cal.App.5th 652. We conclude otherwise. As *Frezier* makes clear, Littlejohn's conduct credits were limited to 15 percent of his actual custody credits because the offenses underlying his commitment were violent felonies. (*Frezier*, at p. 668; §§ 2933.1, 4019.)

Although the People conceded below that *Frezier* was correctly decided and that Littlejohn was thus entitled to

---

[4] According to Littlejohn's appointed habeas counsel, on June 14, 2021, the People filed a petition to extend Littlejohn's commitment for an additional two years on the ground that he represents a substantial danger of physical harm to others by reason of his mental disorder. (§ 1026.5, subd. (b).) Contrary to counsel's claim, the petition was timely because it was filed at least 90 days prior to his maximum commitment date of October 22, 2021. (*Id*., subd. (b)(2).) Although counsel complains that the People had yet to serve him with a copy of the petition when the traverse was filed on August 16, counsel offers no evidence that he has been appointed to represent Littlejohn in those proceedings. (See *id*., subd. (b)(3) [providing that "[w]hen the petition [for extended commitment] is filed, the court shall advise the person named in the petition of the right to be represented by an attorney and of the right to a jury trial"].)

precommitment conduct credits, they noted how the decision compelled a finding that those credits were subject to the 15-percent limitation set forth in section 2933.1 because here—unlike in *Frezier*—the offenses underlying the commitment were violent felonies.  Moreover, the trial court expressly adopted the position urged by the People and accordingly awarded Littlejohn 166 days of conduct credit and recalculated his maximum commitment date as October 22, 2021.

The informal opposition filed by the People in these proceedings, however, made no mention of the fact that they expressly urged the trial court to follow *Frezier*, nor does it mention that the People also urged the trial court to award Littlejohn 166 days of conduct credit and set October 22, 2021 as his maximum commitment date.  Instead, the People asserted for the first time that *Frezier* was incorrectly decided and that Littlejohn is thus not entitled to *any* conduct credits.

After issuing an order to show cause and setting a briefing schedule for the return and traverse, we ordered the People to address whether they were barred from claiming that the trial court erred in following *Frezier*.  In addressing this issue, the People contend among other things that the claim cannot be deemed forfeited or waived because the court's erroneous award of custody credits is an "unauthorized sentence" that can be challenged and corrected at any time.  (See, e.g., *People v. Chilelli* (2014) 225 Cal.App.4th 581, 591, citing *People v. Scott* (1994) 9 Cal.4th 331, 354.)  They go on to conversely argue, however, that Littlejohn is not entitled to conduct credits and that *Frezier* was incorrectly decided because such credits only apply "prior to the imposition of sentence for a felony conviction" (4019, subd. (a)(4)), and a commitment under section 1026 is not a "sentence."  (See,

5

e.g., *People v. K.P.* (2018) 30 Cal.App.5th 331, 340 [recognizing that "[a]n insanity acquittee is not sentenced; he or she is committed to a state hospital for treatment"].)[5]  Regardless of whether the People are barred from claiming otherwise, we conclude that *Frezier* was correctly decided.

Section 1026 governs the commitment of persons found not guilty by reason of insanity.  Section 1026.5 was enacted in 1979 in response to *In re Moye* (1978) 22 Cal.3d 457 (*Moye*) superseded by statute as stated in *Frezier, supra*, 54 Cal.App.5th at pp. 662-663, in which our Supreme Court held as a matter of equal protection (subject to the availability of an extended or civil commitment based on continuing dangerousness) that persons committed under section 1026 "cannot be retained in institutional confinement beyond the maximum term of punishment for the underlying offense of which, but for their insanity, they would have been convicted."  (*Id.* at p. 467.)[6]

---

[5] In arguing for the first time that the trial court erred in following *Frezier*, the People also offer that "[s]o long as the decision under review is correct on any ground appearing in the record, this court may affirm even if the lower court followed an erroneous path of reasoning." (Citations omitted.)  But the People do not claim that the court's decision is correct; they claim the court erred in awarding Littlejohn 166 days of conduct credits, notwithstanding that the court awarded those credits at their express request.

[6] Under the statutes as they existed when *Moye* was decided, persons found not guilty by reason of insanity were committed to a state hospital for an unspecified term that continued until the person's sanity was restored.  (*Moye, supra*, 22 Cal.3d at p. 461.)

"Section 1026.5 requires that a trial court prepare and file an order of commitment establishing 'the maximum term of commitment.' [Citation.] As defined in that section, '"maximum term of commitment" shall mean the longest term of imprisonment which could have been imposed for the offense or offenses of which the person was convicted, including the upper term of the base offense and any additional terms for enhancements and consecutive sentences which could have been imposed *less any applicable credits as defined by Section 2900.5*, and disregarding any credits which could have been earned pursuant to [section 2930 et seq.].' [Citation.]" (*Frezier*, *supra*, 54 Cal.App.5th at p. 660.)

Section 2900.5, subdivision (a) provides that a person's "term of imprisonment" includes credits for "all days of custody of the defendant, including days . . . credited to the period of confinement pursuant to Section 4019." "Section 4019 provides that for each four-day period in which a prisoner is confined and has been on good behavior, the prisoner will receive two days of conduct credits. [Citations.] Thus, 'a term of four days will be deemed to have been served for every two days spent in actual custody.' [Citation.] Section 4019 conduct credits are available for inmates confined to a local facility, including a county jail, following arrest and before the imposition of a sentence for a felony conviction. [Citation.]" (*Frezier*, *supra*, 54 Cal.App.5th at p. 661, fn. omitted.)

"Considered as a whole, these statutes impose a duty on the trial court to determine the maximum term of commitment in the same manner that it would calculate the longest term of imprisonment that could be imposed for the offense for which the person has been adjudged not guilty by reason of insanity. As

7

defined by section 2900.5, a 'term of imprisonment' must be reduced by actual custody credits *and* section 4019 conduct credits." (*Frezier*, *supra*, 54 Cal.App.5th at p. 661.)

As the court in *Frezier* explained, the prior cases holding that persons committed under section 1026 are not entitled to precommitment conduct credits "are premised on an application of the relevant statutes as they existed before significant amendments or otherwise overlooked the relevant statutes." (*Frezier*, *supra*, 54 Cal.App.5th at p. 662.) The earliest case, *People v. Smith* (1981) 120 Cal.App.3d 817 (*Smith*), was decided when section 4019 did not permit an award of conduct credits for persons, like Smith, who were found to have committed a felony rather than a misdemeanor. (*Frezier*, at pp. 663-664.) The court in *Smith* thus "had no cause to engage in any analysis of a statutory right to section 4019 conduct credits." (*Id.* at p. 664.) *People v. Mord* (1988) 197 Cal.App.3d 1090, and *People v. Campos-Castillo* (1986) 176 Cal.App.3d 926, which were decided after section 4019 was amended in 1982 to apply to both felonies and misdemeanors, simply followed *Smith* without addressing the statutory change to section 4019. (*Frezier*, at p. 665.)

In *People v. Bodis* (1985) 174 Cal.App.3d 435, the court did not address the amendment to section 4019 and failed to recognize "the distinction between precommitment time spent in *jail* and time spent in a state hospital . . . ." (*Frezier*, *supra*, 54 Cal.App.5th at p. 664, italics added.) In addition, "the *Bodis* court relied on section 1026.5's express instruction that '"credits which could have been earned under Section 2930 to 2932, inclusive"' are to be disregarded. [Citation.] Thus, although the defendant in *Bodis* was asserting a right to *pre*[-]sentence conduct credits, the court relied on the statutory language

8

mandating that a court disregard *post*[-]sentence conduct credits, to support its conclusion, apparently without recognizing the distinct statutory schemes. [Citation.]" (*Frezier*, at p. 664.)

The People offer no persuasive reason for us to disagree with *Frezier*.[7] Among other things, they reiterate the rejected argument made by the People in *Frezier* that persons committed under section 1026 are not entitled to conduct credits because section 4019 states that such credits apply to persons in custody "following arrest and prior to the imposition of sentence for a felony conviction." (§ 4019, subd. (a)(4).)

As the court in *Frezier* reasoned: "If we were to accept this interpretation . . . , section 2900.5 custody credits would also not 'apply' to a maximum term of commitment. Under section 2900.5, subdivision (a), custody credits apply '[i]n all felony and misdemeanor convictions' and 'shall be credited upon [a defendant's] term of imprisonment.' It follows that if section 1026.5 is interpreted to allow credits that are 'applicable' only to a maximum term of commitment and *not* to a term of imprisonment following a conviction, then Frezier and all others committed to a state hospital after being found insane would not be entitled to receive custody credits under section 2900.5,

---

[7] In addition to the four prior cases discussed in *Frezier*, the People also erroneously cite *People v. Minahen* (1986) 179 Cal.App.3d 180, for the proposition that the maximum term of commitment for persons found not guilty by reason of insanity does not include precommitment conduct credits. That case involved section 1026.5 precommitment custody credits for time spent confined in a county mental health facility, not a county jail. (*Id.* at p. 185.) As the court in *Frezier* recognized, section 4019 conduct credits do not apply to time spent in such a facility. (*Frezier*, *supra*, 54 Cal.App.5th at p. 668, fn. 9.)

subdivision (a), because, by its terms, [that section] applies only to the imposition of sentence for a felony conviction.  This is obviously not the case and the [People] admit[] that Frezier is entitled to custody credits under section 2900.5.  Thus, the [People's] argument that custody credits constitute 'applicable credits under section 2900.5,' but conduct credits do not, is internally inconsistent."  (*Frezier*, *supra*, 54 Cal.App.5th at p. 667.)  The court further reasoned that "accepting this interpretation would mean that no person committed pursuant to section 1026 would be eligible for *any* credits, because they are not 'convicted' or 'imprisoned.'  This would render the reference in section 1026.5 to 'applicable credits as defined by Section 2900.5' entirely superfluous. . . ."  (*Ibid.*)

The court went on to conclude "that the phrase 'applicable credits as defined by section 2900.5' means credits that would apply to the 'longest term of imprisonment' referenced in section 1026.5. . . .  [S]ection 1026.5 [thus] requires that the trial court apply statutes that typically apply to sentencing—sections 2900.5 and 4019—to determine the 'longest term of imprisonment' that could be imposed, which section 1026.5 establishes to be equal to the maximum term of commitment for a person adjudged not guilty by reason of insanity.  The references to sentencing and convictions in these statutes are inapposite when applied in this context.  It is undisputed that when a trial court is tasked with imposing the 'longest term of imprisonment' for a person convicted of a felony, that term would include both custody credits and conduct credits.  *Since the same calculation forms the basis for determining the maximum term of commitment under section 1026.5*, we conclude that Frezier is entitled to section 4019 credits despite the fact that he was not convicted or

10

sentenced." (*Frezier*, *supra*, 54 Cal.App.5th at pp. 667-668, italics added.)  We agree with this reasoning.

We also reject the People's reliance on the proposition that "when . . . '"a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it."  [Citations.]'" (*People v. Meloney* (2003) 30 Cal.4th 1145, 1161.)  As the court in *Frezier* noted, when *Smith* was decided section 4019 conduct credits did not apply to felonies and the subsequent cases simply followed *Smith* or erroneously equated precommitment credits with *postcommitment* credits, the latter of which are expressly excluded under section 1026.5.  Moreover, it has now been over a year since *Frezier* was decided, yet the Legislature has taken no action to express any disapproval of that decision.  It is also apparent, as in both *Frezier* and this case, that trial courts have been interpreting section 1026.5 to require the inclusion of conduct credits in a maximum term of commitment.

It is equally apparent that the trial court in this case properly found Littlejohn's conduct credits were subject to the 15-percent limitation set forth in section 2933.1, subdivision (c).  As *Frezier* makes clear, in calculating the maximum term of commitment under section 1026.5 the court includes the credits that would have applied under section 2900.5 if the defendant had been convicted of and sentenced for the crimes underlying the commitment.  Had Littlejohn been convicted of and sentenced for attempted murder and assault with a deadly weapon, his conduct credits would have been subject to the 15-percent limitation because both offenses were violent felonies under section 667, subdivision (c).  (§ 2933.1, subd. (c).)

11

In arguing that he is entitled to full conduct credits, Littlejohn asserts that the 15-percent limitation set forth in section 2933.1 does not apply because he was not actually convicted of or sentenced for the violent felonies underlying his commitment. But this is the very same argument proffered by the People in *Frezier* (and reiterated here) in asserting that persons committed under section 1026 are not entitled to *any* conduct credits. In other words, Littlejohn effectively asks us to follow *Frezier*'s holding that he is entitled to conduct credits notwithstanding the fact he was neither convicted nor sentenced, yet reject its holding that he is only entitled to the credits that would have applied had he actually been convicted and sentenced. Suffice to state that Littlejohn offers nothing of substance to justify these inconsistent positions.

## DISPOSITION

The petition for a writ of habeas corpus is denied.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

12

Leslie E. Brown, Judge
Superior Court County of Los Angeles

_____


Daniel I. Kapelovitz, under appointment by the Court of Appeal, for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Daniel S. Chang, Deputy Attorney General, for Respondent.